# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| v. | ) |
| | ) |
| | ) |
| **$413,900.00 IN UNITED STATES** | ) |
| **CURRENCY,** | ) |
| | ) |
| **Defendant.** | ) |

## VERIFIED COMPLAINT FOR FORFEITURE IN REM

Comes now the United States of America, by and through its counsel, Prim F. Escalona, United States Attorney for the Northern District of Alabama, and Kristen S. Osborne, Assistant United States Attorney, and respectfully shows the Court the following in support of its Complaint for Forfeiture:

1. This is a civil action *in rem* for the forfeiture of $413,900.00 in United States Currency (hereinafter known as the "Defendant Currency") per 21 U.S.C. § 881(a)(6).

2. The Court has jurisdiction over this subject matter per 28 U.S.C. §§ 1345 and 1355.

3. This Court has *in rem* jurisdiction over the Defendant Currency per 28 U.S.C. § 1355.

1

4.This Court has venue over this action per 28 U.S.C. §§ 1355 and 1395.

## Factual Background

5.On or about October 18, 2023, Jimmy Augustine Almaraz, a resident of Humble, Texas[1], and Matthew Gonzalez, a resident of McCallen, Texas[2], were traveling in a Ford Explorer on I-20/59 south near mile marker 103 in Bessemer in the Northern District of Alabama.

6.At approximately 2:52pm CST, Bessemer Police Officer Daniel Glassco observed traffic violations committed by the Ford Explorer and conducted a lawful traffic stop for Improper Lane Usage and Following Too Closely.

7.As the traffic stop proceeded, Officer Glassco observed behavioral cues for both Almaraz and Gonzalez indicating high stress, anxiety, and unusual nervousness. According to Officer Glassco, Almaraz had provided the excuse of eating while driving for his traffic violations despite a fast food bag being closed in the backseat, had facial twitching while talking, and talked excessively as if he were nervous; Gonzales had excessive bodily twitching, had trouble responding

---

[1] While Mr. Almaraz provided an address in Humble, Texas on his administrative claim paperwork, he possessed a valid Alabama driver's license at the time of the traffic stop that indicated an address in Hoover within the Northern District of Alabama.
[2] Multiple valid driver's licenses were found for Mr. Gonzales, including one from Texas and another from California, indicating an address in San Francisco.

coherently when asked a simple question about their destination, and refused to look at Officer Glassco during their interactions.

8. When asked separately about their purpose for traveling, Gonzales answered they were coming from "Downtown" and going "Down the road," but appeared confused to Officer Glassco. Almaraz answered the same question to Glassco, stating they were coming from Chick-fil-A and going to Tuscaloosa.

9. After Officer Glassco ran the subjects and vehicle through applicable law enforcement databases, he explained to Almaraz that he was only issuing a warning. During this time, Officer Glassco observed additional strange behavior from Almaraz, notably excessive talking and overly appreciative behavior. When Officer Glassco indicated he had a few more questions after the warning citation was issued, Almaraz's demeanor changed and he appeared anxious to leave.

10. Officer Glassco then deployed his K9 partner, Falco, a trained narcotics dog, to conduct a free air sniff around the vehicle for illegal narcotics. Falco alerted and detected the odor of illegal narcotics inside the vehicle. Officer Glassco informed Almaraz that a search of the vehicle for illegal narcotics would be conducted at that point. Officer Glassco noted that Almaraz became angry and appeared disappointed.

11. Engaging in the search of the vehicle, Officer Glassco opened the rear door on the driver's side and observed a brown paper bag hidden under empty plastic bags. As Officer Glassco removed the empty plastic bags, he observed multiple bundles of U.S. Currency wrapped in rubber bands, separated by bill denomination, within the brown bag. According to Officer Glassco's training and experience, the money (the "Defendant Currency") was packaged in a manner known to be associated with illegal drug sales or deals.

12. After removing the brown bag containing the bundles of U.S. Currency from the vehicle, Officer Glassco employed K9 Falco again to sniff for narcotics odors in the general area. Falco alerted to narcotics odor on the U.S. Currency specifically.

13. The continued search of the vehicle also yielded eight cellphones, consistent with Officer Glassco's knowledge, training, and experience that drug traffickers often use multiple phones to avoid detection. The search also found a black bag on the passenger floorboard with a Texas ID for Gonzales along with $700 in cash. Notably, Gonzales denied the black bag and its contents belonged to him.

14. The search also revealed handwritten ledger notes indicating money collections or transactions, a large bag with numerous snacks, and a picture of the

Virgin Mary (a religious practice common among drug traffickers, according to common law enforcement training and experience).

15. When both subjects were Mirandized, both invoked their rights to counsel, ending their respective interviews. The subjects were asked to identify any personal property inside the vehicle that belonged to them. Gonzales claimed only an iPhone 14 in a purple case as well as a small black zip wallet containing a single $100 bill and various credit and ID cards with Gonzales's name. He specifically denied any ownership of the small black bag with $700 in U.S. Currency and his own Texas ID. Almaraz claimed only an iPhone 13 in a clear case and a black and red wallet containing credit cards and business cards with Almaraz's name on them. While the phones were kept as evidence, the wallets and their contents were returned to the subjects. Neither subject claimed the Defendant Currency in the brown bag.

16. The Defendant Currency was taken to a bank and counted to total **$413,900.00.**

## Applicable Law

17. The Defendant Currency is subject to forfeiture per 21 U.S.C.§ 881(a)(6) as moneys furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of Title 21 of the United

States Code, Chapter 13, Subchapter I, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of Title 21 of the United States Code, Chapter 13, Subchapter I.

18. Pursuant to 18 U.S.C. § 981(C), the Defendant Currency is subject to civil forfeiture.

17. The names and addresses of possible claimants known to the United States are as follows:

| | |
|---|---|
| Jimmy Augustine Almaraz<br>15019 Golden Summer Court<br>Humble, TX 77346 | Matthew Gonzales<br>4601 West State Highway 107<br>McCallen, TX 78504 |
| Jonathan Goins<br>The Goins Law Group, LLC<br>440 Louisiana Street, Suite 900<br>Houston, TX 77002 | |

WHEREFORE, the Plaintiff requests that due notice issue to enforce the forfeiture and to give notice to all interested parties to appear and show cause why the forfeiture should not be decreed; that the Defendant Currency be condemned and forfeited to the United States of America for disposition according to law; and for such other and further relief as this Court may deem just and proper.

PRIM F. ESCALONA
United States Attorney

                                                   _____
Kristen S. Osborne
Assistant United States Attorney
1801 Fourth Avenue North
Birmingham, AL 35203
(205) 244-2001
Kristen.Osborne@usdoj.gov

## **VERIFICATION**

I, Julian Morris, am a Special Agent of the Drug Enforcement Agency (DEA) and the agent assigned responsibility for this case. I have read the contents of the foregoing Complaint for Forfeiture *In Rem*. The statements contained therein are true to the best of my knowledge and belief. I base my knowledge for this verification of the Complaint for Forfeiture *In Rem* on the following:

a. Information provided to me by other law enforcement officers who have participated in the investigation of Jimmy Almaraz and Matthew Gonzales, both described in this Complaint;

b. My participation in the investigation following the seizure of the Defendant Currency in this action; and

c. My training and experience in investigations involving drug trafficking, and the training and experience of other law enforcement officers related to such investigations.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed ___ _____10/18_____ 2024.

_____*Julian Morris*_____
Julian Morris
Special Agent
Drug Enforcement Agency